IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRAIG A. GEIGER, | : | |
| Plaintiff, | : | Case No. 2:05-cv-1042 |
| v. | : | Judge Watson |
| CITY OF UPPER ARLINGTON, | : | Magistrate Judge Abel |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on defendant the City of Upper Arlington's December 13, 2005 motion to dismiss pursuant to 12(b)(6), Fed. R. Civ. P., for failure to state a claim or in the alternative, motion to vacate this Court's November 17, 2005 Order granting plaintiff's request to proceed *in forma pauperis* (doc. 7). This action was filed by plaintiff Craig A. Geiger on November 17, 2005 alleging that the City of Upper Arlington violated and continues to violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.* because it has failed to construct sidewalks throughout the municipality.

The City argues that Geiger has failed to establish a claim and this action must be dismissed because: (1) he cannot establish a prima facie ADA case because the City's lack of sidewalks equally affects all persons, and therefore, is not discriminatory, and (2) the ADA does not require municipalities to build sidewalks. Since Geiger has failed to state claims under the ADA, his state and/or municipal law claims must also be

dismissed. In the alternative, the City argues that if this suit is not dismissed, this Court should vacate its order granting Geiger the right to proceed *in forma pauperis* because he did not comply with the requirements of 28 U.S.C. § 1915(a).

**I. Background.**

Geiger maintains that he is a person suffering from a disability and has standing to bring this suit. He argues that the City of Upper Arlington does not have sidewalks throughout its municipality, which "is a basic public services program pursuant to the ADA." Compl., ¶ 7. Therefore, the ADA requires the City to construct sidewalks along all its streets. Geiger further maintains that the City of Upper Arlington has violated its own statutory code in failing to construct new sidewalks. Compl., ¶ 8.

> There are no sidewalks around the City of Upper Arlington Municipal Building located at 3600 Tremont Road, Upper Arlington, Ohio; the City of Upper Arlington, Ohio has failed to enforce § 901.05 of the Upper Arlington, Ohio City code requiring construction of sidewalks on both public and private property.

Compl., ¶ 10. Geiger's final allegation is that the City of Upper Arlington's Mayor's Court fails to comply with Ohio law. He cites Rule 11 Mayor's Court Facility Standards and claims that the City's Mayor's Court violates these standards.

**I. 12(b)(6) Standard.**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515

(1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980).  Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the

claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant.  *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983).  Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).  It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted.  *See Rohler v.*

*TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

### III. Analysis.

#### A. Geiger's ADA Claims.

The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The purpose of the ADA is to eliminate discrimination against persons with disabilities and "to place those with disabilities on equal footing, not to give them an unfair advantage." *In re Rubenstein*, 637A.2d 1131 (Del. 1994).

To establish a prima facie case under the ADA, the plaintiff must establish three elements: (1) the claimant has a disability; (2) the claimant is otherwise qualified; and (3) the claimant is being denied access to or the benefits of the program or service solely on the basis of the plaintiff's disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). In other words, the plaintiff must show that he was denied "a public benefit" because he or she is disabled. *See Kornblau v. Dade County,* 86 F.3d 193, 196 (11th Cir. 1996). The City argues that Gieger has failed to state a claim for relief because the ADA imposes no duty on the City to build sidewalks where none presently exist and Geiger has failed to show any discriminatory act by the City. For support, the City cites *Dillery*. In that case, the plaintiff, Dillery, filed an action against a municipal

5

government and its officials. Dillery was confined to a wheelchair. Rather than using the city sidewalks, she would use the streets because the sidewalks either had dangerous curb cuts or were uneven. Motorists complained that Dillery's use of the streets was interfering with traffic, and she was eventually ticketed. One time she used the streets while holding her daughter in her lap. A motorist called the police, and the police called protective services. *Id.* at 566. Police charged Dillery with child endangerment. *Id.* Dillery filed suit against the City of Sandusky for violating the ADA. The court stated that the failure of Sandusky to install handicapped-accessible sidewalks and to train its employees about the ADA affected all disabled persons, not just Dillery. Thus Dillery could not establish that Sandusky intentionally discriminated against her by failing to install proper curb cuts and sidewalks. *Id*. at 568.

Geiger cites the case *Barden v. City of Sacramento*, 292 F.3d 1073, 1074 (9th Cir. 2002), which held that "sidewalks are subject to program accessibility regulations promulgated in furtherance" of the ADA. The court reasoned that "maintaining sidewalks is a normal function of a city and without a doubt something the City does." *Id.* at 1076 (quoting *Hason v. Medical Bd. of California*, 279 F.3d 1067, 1173 (9th Cir. 2002)). Accordingly, maintaining sidewalks qualified as a "service, program or activity" within the meaning of Title II of the ADA. *Id.* at 1077. However, *Barden's* holding is not as broad as Geiger argues. *Barden* stands for the proposition that when a city performs maintenance and alterations on sidewalks, it must bring the sidewalks into compliance with the ADA. *Barden* does not state or stand for the proposition that municipalities

6

must build new sidewalks in order to comply with the ADA.

The ADA itself imposes obligations on municipalities to make improvements in accordance with the mandates of the ADA: "alterations of facilities commenced after January 26, 1992, 'by, on behalf or, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible and usable by individuals with disabilities.'" *Ability Center of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 904 (6th Cir. 2004) (quoting 28 C.F.R. § 35.151).

Geiger has failed to state a claim under the ADA. As in *Dillery*, he cannot show that he was discriminated against on the basis of his disability. Geiger complains that the City of Upper Arlington has not constructed sidewalks throughout the community and should be ordered to do so. However, everyone who visits the City is equally affected by the lack of sidewalks. Upper Arlington's decision not to erect sidewalks throughout the municipality does not discriminate against persons with disabilities. Rather, it affects all visitors and residents of the City alike. Accordingly, plaintiff cannot establish that he has been discriminated against on the basis of his disability.

The City of Upper Arlington also argues that the ADA does not impose an obligation on the City to build sidewalks. The ADA does require municipalities to comply with the structural specifications of the ADA when the municipality is making improvements to its sidewalks. *See* 28 U.S.C. § 35.104. However, nothing in the ADA,

7

its enabling regulations, or case law states that a municipality may be ordered to construct sidewalks on all of its streets in order to bring the city into compliance with the ADA.  Geiger has failed to state a claim pursuant to the ADA.

**B.  Geiger's Claims Pursuant to the City Ordinance.**

Geiger also alleges that the City of Upper Arlington has failed to comply with its own municipal rules and/or regulations by failing to require all buildings and homes constructed after 1956 to build sidewalks.  *See* The Codified Ordinances of Upper Arlington, Ohio, Part Nine- Streets & Services Code § 901.05.   While Geiger fails to specifically state how this Court has jurisdiction over the municipal code claims, it is assumed that Geiger is trying to establish supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  It states

> in any action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The statute further states that the district court may "decline to exercise supplemental jurisdiction" if the "district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).  It is being recommended that the claims brought pursuant to the ADA, those claims which this Court has original jurisdiction, be dismissed; therefore, this Court may decline to exercise supplemental jurisdiction over any violations alleged under the City of Upper Arlington's Streets & Sidewalks Ordinances.

8

**IV. Conclusion.**

Accordingly, I **RECOMMEND** that the City of Upper Arlington's December 13, 2005 motion to dismiss pursuant to 12(b)(6), Fed. R. Civ. P., or in the alternative motion to vacate this Court's November 17, 2005 order granting plaintiff's request to proceed *in forma pauperis* (doc. 7) be **GRANTED**.  Plaintiff's complaint should be **DISMISSED**.  Defendant's argument that the *in forma pauperis* Order should be vacated is **MOOT**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge